IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

WEINBERG & COMPANY, P.A.,
a Florida professional association,

    Plaintiff,

vs.                                                                                  CASE NO.:

MAGNUM D'OR RESOURCES, INC.,
a Nevada corporation,

    Defendant.
_____/

## "VERIFIED COMPLAINT"

    Plaintiff, WEINBERG & COMPANY, P.A., a Florida professional association (i.e., corporation), by and through its undersigned counsel, hereby files this Complaint against Defendant MAGNUM D'OR RESOURCES, INC., a Nevada corporation, and alleges as follows:

### I.    ALLEGATIONS COMMON TO ALL COUNTS

**A.    Introduction**

    1.    Plaintiff WEINBERG & COMPANY, P.A. ("Weinberg CPAs") brings this action against Defendant MAGNUM D'OR RESOURCES, INC. ("Magnum") for (a) Breach of Contract, (b) Account Stated, (c) Open Account, and (d), as an alternative claim, for Fraud in the Inducement, as a result of Defendant's wrongful actions, inactions, and communications in connection with written Engagement Agreements (i.e., Contracts) between Magnum and Weinberg CPAs, as well as Magnum's fraudulent inducements and overall improper scheme to obtain Weinberg CPAs' Consent to be associated with and to have its two (2) prior Audit Reports included and/or referenced in a Form S-1/A

1

Registration Statement that Magnum caused to be filed with the U.S. Securities and Exchange Commission ("SEC").

2. On April 7, 2010, shortly after Weinberg CPAs gave its referenced Consent to Defendant Magnum, and subsequent to its termination as this SEC-registered, public reporting company's Public Company Accounting Oversight Board-registered ("PCAOB-registered") accountant, Weinberg CPAs first discovered that, despite express written representations from Magnum to Weinberg CPAs to the contrary, its former client, Magnum, had been and was under investigation by the SEC for potential fraud and other violations of the Federal Securities Laws. As a result, as required by Federal Statute, Weinberg CPAs took action and retained experienced SEC counsel to look into and to take such steps as required by law to bring such problems to the attention of its former client, its former client's two separate law firms, and its former client's newly engaged, successor PCAOB-registered accounting firm. When those parties failed to take required action in a timely manner as required by the Federal Securities Laws, Weinberg CPAs became statutorily required to and did report these matters to the SEC's Office of the Chief Accountant and the Chief Accountant in its Division of Enforcement.

B.   **Jurisdiction and Venue**

3. This action is of a civil nature, involving at least one controversy in the original, principal amount of $89,880.51, which exceeds the sum or value of $75,000.00, exclusive of interest, finance charges, costs, or attorneys' fees.

4. This Court has original jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between the Plaintiff and the Defendant. The corporate Plaintiff, Weinberg CPAs, is, and was at all times mentioned, a Florida corporation with a principal place of business located in Boca

2

Raton, Palm Beach County, Florida, within this District. The corporate Defendant, Magnum, is a Nevada corporation, with its principal place of business in Hudson, Weld County, Colorado.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391. Defendant Magnum resides in and maintains its principle place of business in Hudson, Weld County, Colorado, as of the date of this filing. A substantial portion of the actions, inactions, communications in connection with the written Contracts between the parties, giving rise to the various causes of action alleged herein, arose and/or were orchestrated, in significant part, in this District.

**C.    The Parties**

6. Plaintiff Weinberg CPAs is a professional association (i.e., corporation) organized under the laws of the State of Florida, with its principal place of business located at 6100 Glades Road, Suite 205, Boca Raton, Palm Beach County, Florida, 33434, at all times material to these matters.

7. Defendant Magnum is a corporation organized under the laws of the State of Nevada, with its principal place of business currently located at 12311 Weld County Road 41, Hudson, Weld County, Colorado  80642.

**D.    Factual Background**

8. Plaintiff Weinberg CPAs is a PCAOB-registered accounting firm, authorized to perform required Annual Audits and related accounting work for companies, whose securities are registered with the SEC and/or which may be required to file periodic reports under §§ 13, 14, and 16 of the Securities and Exchange Act of 1934, as amended ("Exchange Act"). Additionally, both Defendant Magnum and Weinberg CPAs are subject to the provisions of § 10A of the Exchange Act, establishing norms and other requirements

3

SACHER, ZELMAN, HARTMAN, PAUL, BEILEY & ROLNICK, P.A., ATTORNEYS, 1401 BRICKELL AVE., STE 700, MIAMI, FL 33131· (305) 371-8797

for the engagement, retention, termination, and/or replacement of Magnum's PCAOB-registered accounting firm, and the periodic reports filed and to be filed by the Defendant with the SEC, as required by Federal Statute in connection herewith.

9.  Prior to July 2008, Magnum and/or its predecessor engaged other PCAOB-registered accounting firms to perform its required Annual Audits and Quarterly Reviews. On July 25, 2008, Magnum engaged Weinberg CPAs as its successor auditor to perform those services. Weinberg CPAs issued Annual Audit Reports on Magnum's financial statements taken as a whole, for its 2008 and 2009 fiscal years, which were duly filed as part of Magnum's Annual Forms 10-K for fiscal years ended September 30, 2008 and September 30, 2009, respectively, as required by the Exchange Act.

10. Weinberg CPAs ceased to be engaged as Magnum's PCAOB-registered accounting firm in January 2010, and Magnum engaged Mantyla McReynolds LLC as the then-successor PCAOB-registered accounting firm, and such was disclosed in a Magnum Form 8-K, as required, dated January 19, 2010. Thereafter, Weinberg CPAs had no continuing contractual duty or other obligation to perform work or services for Magnum in any capacity.

11. In January 2010, Magnum approached Weinberg CPAs and requested a required form of written Consent, containing Weinberg CPAs agreement to be associated with and to consent to the republication of its prior 2008 and 2009 Audit Reports in an S-1/A Registration Statement that was being prepared by Magnum by its corporate securities counsel, Patton Boggs/Denver office. In connection with those matters, Weinberg CPAs performed the necessary professional due diligence required to issue its Consent and did issue its Consent, because of the express, written representations and warranties provided

4

by Magnum, through its Chief Executive Officer (CEO) and/or Chief Financial Officer (CFO), among other things.

12. Thereafter, Magnum filed its Form S-1/A with the SEC on April 7, 2010.

13. Weinberg CPAs expended professional time and incurred professional expenses in connection with these matters for which it was entitled to be properly compensated, and for which Defendant has paid Weinberg CPAs.

14. In addition, as a result of the false, fraudulent, and/or other nefarious acts and schemes perpetrated by Magnum, and the false representations of Magnum, as more fully alleged hereinbelow, all of which were not known by Weinberg CPAs until April 7, 2010, Weinberg CPAs was statutorily required to perform additional professional services, and to engage competent and experienced SEC regulatory counsel to ensure compliance with § 10A of the Exchange Act, among other statutorily required actions. As a result, Weinberg CPAs incurred time, expense, and attorneys' fees of $99,880.51, of which Magnum has only paid $10,000 on account as of July 31, 2010, leaving the sum of $89,880.51 past-due, unpaid, and owing to Weinberg CPAs. In addition, Weinberg CPAs has been required to engage undersigned counsel, and to pay them attorneys' fees, as well as incur additional expenses in order to pursue this proper collection action. Thus, pursuant to its written Contracts, the Open Account indebtedness, and/or the Account Stated indebtedness, set forth hereafter in separate Counts, Weinberg CPAs is entitled to recover these previously stated amounts. In addition, they are entitled to recover ongoing, actual damages and believe themselves to be entitled to potential punitive damages, as well, pursuant to the Alternative Count for Fraud in the Inducement set forth hereinafter. Moreover, Weinberg CPAs is entitled to recover its attorneys' fees, costs, and expenses

SACHER, ZELMAN, HARTMAN, PAUL, BEILEY & ROLNICK, P.A., ATTORNEYS, 1401 BRICKELL AVE., STE 700, MIAMI, FL 33131· (305) 371-8797

incurred in this proceeding, pursuant to its written Contracts with Magnum and/or by operation of law.

15. All conditions precedent to each cause of action alleged herein have been performed, have occurred, or have been waived.

16. Weinberg CPAs has been required to retain the services of the undersigned attorneys to prosecute this action, and is obligated to pay said attorneys the fees said attorneys incur for their services and to reimburse said attorneys the costs and expenses they incur in this action.

## COUNT I

## BREACH OF CONTRACT

17. This is an action for Breach of Contract and resulting damages in the amount of $89,880.51.

18. Through a written Contract, dated February 13, 2009, and, as amended, on October 12, 2009, Defendant Magnum engaged Plaintiff Weinberg CPAs for its services related to the 2009 Audit Report and subsequent Consent Weinberg CPAs issued. This written Contract, applies to the additional procedures Weinberg CPAs was required to perform pursuant to the express requirements of § 10A of the Exchange Act, to-wit:

> To fulfill our [Plaintiff] responsibilities under these acts and/or to generally carry out our [Plaintiff] duties, we [Plaintiff] may need to consult with your [Defendant] counsel, or counsel of our [Plaintiff] choosing, about any such issues, including potential illegal acts of which we [Plaintiff] become aware. Additional hourly fees, including legal fees, if any, will be billed to you [Defendant]. You [Defendant] agree to cooperate fully with any procedures that we [Plaintiff] may deem necessary to perform. As a result of our [Plaintiff] prior or future services to you [Defendant], we [Plaintiff] may be required or requested to provide information or documentation to you [Defendant] or a third-party in connection with a legal or administrative proceeding (including a grand jury investigation) in which we [Plaintiff] are not a party. If this occurs, our [Plaintiff] efforts in complying with such requests or demands will be deemed a part of this engagement and we [Plaintiff] shall

6

be entitled to compensation for our [Plaintiff] time and reimbursement for our [Plaintiff] reasonable out-of-pocket expenditures (including legal fees) in complying with such request or demand.

19. Defendant's refusal to compensate Weinberg CPAs under the parties' written Contract for the statutorily required § 10A procedures that Weinberg CPAs had to perform constitutes a material breach of Defendant's obligation pursuant to the parties' written Contract.

20. Defendant's material breach of the Contract between Defendant and Weinberg CPAs directly and proximately caused Weinberg CPAs damages in the amount of $89,880.51, which is past due, unpaid, and owing to Weinberg CPAs.

WHEREFORE, Plaintiff Weinberg CPAs respectfully requests that this Court enter judgment against Defendant in the amount of $89,880.51, plus pre-judgment and post-judgment interest, contractual attorneys' fees, court costs, costs of collection and such other relief as this Court deems just and proper.

## COUNT II

## ACCOUNT STATED

21. This is an action for Account Stated and resulting damages in the amount of $89,880.51.

22. Before the institution of this action, Defendant Magnum and Plaintiff Weinberg CPAs had business transactions and communications between them, and on June 10, 2010, Weinberg CPAs rendered to Defendant an account statement, reflected in Exhibit 1 attached hereto, as written evidence of the amount Defendant owed to Weinberg CPAs pursuant to the parties written Contract for the statutorily required § 10A procedures that Weinberg CPAs had to perform.

23. Defendant did not object to the account statement and, on July 31, 2010, made an initial payment of $10,000 to Weinberg CPAs, and the parties agreed to the resulting balance of $89,880.51.

24. Defendant owes Weinberg CPAs the remaining balance of $89,880.51, which is past due, unpaid, and owing to Weinberg CPAs, since June 10, 2010.

WHEREFORE, Plaintiff Weinberg CPAs respectfully requests that this Court enter judgment against Defendant in the amount of $89,880.51, plus pre-judgment and post-judgment interest, contractual attorneys' fees, court costs, costs of collection and such other relief as this Court deems just and proper.

## COUNT III

## OPEN ACCOUNT

25. This is an action for Open Account and resulting damages in the amount of $89,880.51.

26. Before the institution of this action, Defendant Magnum and Plaintiff Weinberg CPAs had business transactions and communications between them, and on June 10, 2010, Weinberg CPAs rendered to Defendant an account statement, reflected in Exhibit 1 attached hereto, as written evidence of the amount Defendant owed to Weinberg CPAs for the statutorily required § 10A procedures that Weinberg CPAs had to perform.

27. On July 31, 2010, Defendant made an initial payment of $10,000 to Weinberg CPAs, leaving a resulting balance of $89,880.51.

28. Defendant owes Plaintiff Weinberg CPAs the amount of $89,880.51, which is past due, unpaid, and owing to Weinberg CPAs, since June 10, 2010.

WHEREFORE, Plaintiff Weinberg CPAs respectfully requests that this Court enter judgment against Defendant in the amount of $89,880.51, plus pre-judgment and post-

8

judgment interest, contractual attorneys' fees, court costs, costs of collection and such other relief as this Court deems just and proper.

## COUNT IV

## ALTERNATIVE COUNT FOR FRAUD IN THE INDUCEMENT

29. Paragraphs 1 through 16, set forth hereinabove, are incorporated herein by reference as if set forth in full text.  In addition, in support of this Alternative Count for Fraud in the Inducement against Defendant Magnum, Plaintiff Weinberg CPAs asserts the following facts and circumstances, unique to this separate Count.

30. In seeking Weinberg CPAs' Consent to be associated with, and to have its two (2) prior 2008 and 2009 Audit Reports included and/or referenced in a Form S-1/A Registration Statement that Magnum caused to be filed with the SEC, Magnum's President and CEO, Joseph J. Glusic, provided written management representation letters to Weinberg CPAs, dated January 12, 2010; February 5, 2010; March 18, 2010, and April 6, 2010.

31. Magnum, through Mr. Glusic, expressly represented in each written management representation letter to Weinberg CPAs: "Copies of all documents that we have filed with the SEC, and copies of all correspondence between the SEC and the Company or its designated agent for service during the period under review, have been furnished to you or made available for your inspection."

32. Based on the above-quoted, express representation in each management representation letter, and only because Weinberg CPAs believed each express representation to be true, correct, and accurate, Weinberg CPAs provided its Consent in connection with Magnum's Form S-1/A Registration Statement.

9

33. Although the SEC had been conducting a formal investigation of Magnum, pursuant to an SEC Formal Order of Investigation, dated October 30, 2009, and the SEC had issued a comprehensive subpoena, dated December 16, 2009, to Magnum, Magnum did not disclose any of this information to Weinberg CPAs.

34. For the first time, on April 7, 2010, Weinberg CPAs independently became aware, and Magnum subsequently confirmed through its attorney, that the SEC had been conducting a formal investigation of Magnum, meaning that Magnum's above-quoted, express representation in each management representation letter was false.

35. This is an action for Fraud in the Inducement and ongoing, actual damages in an amount to be determined.

36. Defendant Magnum made a misrepresentation of material fact in each of its management representation letters when it expressly represented to Weinberg CPAs that it had disclosed all documents it filed with the SEC and all correspondence between it and the SEC. The SEC already had commenced its investigation into Defendant, starting with the October 30, 2009 Order Defendant received, when Defendant requested Weinberg CPAs Consent in Defendant's first management representation letter on January 12, 2010.

37. As Defendant had received the SEC's Investigative Order prior to sending Weinberg CPAs its first management representation letter and requesting Weinberg CPAs' Consent, Defendant knew or should have known that its express, written representation of material fact made in each management representation letter to Weinberg CPAs, that it had disclosed all documents it filed with the SEC and all correspondence between it and the SEC, was false

38. Defendant intended to induce Weinberg CPAs' reliance on and action upon Defendant's misrepresentation of material fact by issuing its Consent. The parties' written

10

Contract provides that Weinberg CPAs would, at the conclusion of its audit, request certain written representations from Defendant, including an attestation to the completeness and truthfulness of Magnum's representations and disclosures, made during the course of Weinberg CPAs' audit work.  Therefore, Defendant knew or should have known that Weinberg CPAs would rely on Defendant's express, written representation that it had disclosed all documents it filed with the SEC and all correspondence between it and the SEC, and that if Defendant made a misrepresentation of material fact concerning its disclosure of documents filed by or with the SEC or its correspondence with the SEC, Weinberg CPAs would rely on such misrepresentation to its detriment.

39.     Defendant's misrepresentation of material fact directly and proximately caused Weinberg CPAs' ongoing, actual damages in an amount to be determined, which Weinberg CPAs suffered in justifiable reliance on Defendant's express, written representation that it had disclosed all documents it filed with the SEC and all correspondence between it and the SEC.  Weinberg CPAs performed certain procedures in connection with the audit of Defendant's financial statements for the 2009 fiscal year and in connection with the issuance of its Consent, and Weinberg CPAs received payment from Defendant for those services.  Had Defendant disclosed the SEC's Investigative Order and subpoena, and not made the false, express, written representation that it had disclosed all correspondence between it and the SEC, Weinberg CPAs would have timely learned of the SEC's formal investigation and subpoena, and Weinberg CPAs would have performed additional, required procedures in connection with the audit of Defendant's financial statements for the 2009 fiscal year and in connection with the issuance of its Consent. Weinberg CPAs would have been able to obtain compensation for these additional procedures, prior to the time Weinberg CPAs issued its 2009 Audit Opinion and its

11

Consent.  Instead, Defendant used this false, express, written representation to solicit Weinberg CPAs' Consent after Weinberg CPAs had already completed the audit work related to the 2009 audit and the Consent.  Consequently, after Weinberg CPAs issued the Consent, and, once Weinberg CPAs received notice of the SEC's Investigative Order, it became statutorily required to perform additional procedures pursuant to § 10A (which may not have been required if Defendant's prior representations – made during the course of both the 2009 audit and the Consent engagement -- were not false, but were truthful), and, thus, Weinberg CPAs had no ability (such as the withholding of Weinberg CPAs' 2009 Audit Opinion and subsequent Consent until all of Weinberg CPAs' audit work was fully paid for by Defendant) to require Defendant to compensate Weinberg CPAs for these additional, statutorily and professionally required procedures.  As a result of Defendant's misrepresentation of material fact, Weinberg CPAs incurred time, expense, attorneys' fees, and other compensable damages, which are past-due, unpaid, and owing to Weinberg CPAs.  Weinberg CPAs continues to suffer and sustain additional damages due to Defendant's fraudulent conduct.

40.     Plaintiff reserves its right to amend this Alternative Count for Fraud in the Inducement, to seek punitive damages, pursuant to Fla. Stat. § 768.72(1), upon a showing by evidence in the record or proffered by Plaintiff, which would provide a reasonable basis for the recovery of punitive damages in this action.

WHEREFORE, Plaintiff Weinberg CPAs respectfully requests that this Court enter judgment against Defendant for ongoing, actual damages in an amount to be determined as of the time and date of trial, plus pre-judgment and post-judgment interest, attorneys' fees, court costs, costs of collection and such other relief as this Court deems just and proper.

## **VERIFICATION BY BRUCE H. WEINBERG**

**(Pursuant to 28 U.S.C. § 1746)**

I, BRUCE H. WEINBERG, as Vice President of Plaintiff Weinberg & Company, P.A., a Florida professional association, being of lawful age and duly sworn, state as follows:

I have personal knowledge of the facts, events, and counts set forth above, in paragraphs 1 through 40, at pages 1 through 14, in the foregoing "Verified Complaint," and I know the contents thereof to be true, based upon my personal knowledge, including a review of the Plaintiff's corporate files, and my verification of these facts, events, and counts.

I DECLARE, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the above and foregoing is true and correct.

EXECUTED in Boca Raton, Palm Beach County, Florida, this 31st day of August, 2011.

        s/Bruce H. Weinberg
        **BRUCE H. WEINBERG**
        Vice President of Plaintiff,
        Weinberg & Company, P.A.

SACHER, ZELMAN, HARTMAN, PAUL, BEILEY & ROLNICK, P.A., ATTORNEYS, 1401 BRICKELL AVE., STE 700, MIAMI, FL 33131· (305) 371-8797

Respectfully submitted this 2nd day of September, 2011.

**s/ Roy M. Hartman**
Barton S. Sacher, P.A. (Florida Bar Number 691313)
Email: bsacher@sacherzelman.com
Roy M. Hartman, Esq. (Florida Bar Number 319902)
Email: rhartman@sacherzelman.com
Joseph A. Sacher, Esq. (Florida Bar Number 174920)
Email: jsacher@sacherzelman.com
SACHER, ZELMAN, HARTMAN,
PAUL, BEILEY & ROLNICK, P.A.
1401 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 371-8797
Facsimile: (305) 374-2605
Attorneys for Plaintiff Weinberg & Company, P.A.

14

SACHER, ZELMAN, HARTMAN, PAUL, BEILEY & ROLNICK, P.A., ATTORNEYS, 1401 BRICKELL AVE., STE 700, MIAMI, FL 33131· (305) 371-8797